## G. MATTEI v. CLARK HARDWARE COMPANY.

Middle Section, October 25, 1926.

(See footnote.)

1. **Courts.** Jurisdiction of all cases involving constitutional questions is reserved to the Supreme Court by the Act of 1925 "to re-organize the Appellate Court system, etc." (Chapter 100).

Jurisdiction of all cases "involving constitutional questions" is reserved to the Supreme Court, and the Court of Appeals is without power to decide a constitutional question. Such question may be raised in the appellate court for the first time.

2. **Pleading.** The constitutionality of a statute may be raised in the appellate court for the first time.

The unconstitutionality of a statute does not have to be raised in the Circuit Court, but it may be raised in the Appellate Court on appeal.

Appeal in Error from Third Circuit Court of Davidson County; Hon. E. F. Langford, Judge.

Case transferred to Supreme Court.

A. J. Grigsby, Jr., of Nashville, for plaintiff in error.

B. O. Briley, of Nashville, for defendant in error.

FAW, P. J. This suit was brought by the Clark Hardware Company against G. Mattei and Phil E. Dunnavant to enforce an alleged furnisher's lien on certain real property of Mattei situated in the city of Nashville, Tennessee. The case was tried without a jury in the Third Circuit Court of Davidson county (on appeal from the judgment of a Justice of the Peace) and the court found the matters in controversy in favor ·of the Clark Hardware Company, sustained an attachment on Mattei's property and ordered said property sold to satisfy the claim of the Clark Hardware Company.

After his motion for a new trial had been overruled, Mattei prayed, obtained and perfected an appeal in the nature of a writ of error to this court and assigned errors here. After briefs were filed on behalf of both parties and the case had been orally argued at the bar, the plaintiff in error Mattei, through his attorney of record, filed a supplemental brief in support of his assignments of error, in which supplemental brief he asserts that Chapter 144 of the Acts of the General Assembly of Tennessee for the year of 1925 is unconstitutional and void for reasons pointed out in his said supplemental brief.

The Act above mentioned purports to amend section 1 of chapter 103 of the Acts of 1889. If the aforementioned Act of 1925 is un-

NOTE. The Supreme Court took jurisdiction of this case and held Chapter 144 of the Acts of 1925 unconstitutional, thereby impliedly approving the foregoing opinion.

constitutional and void the judgment of the circuit court in this case is erroneous, because it is an undisputed fact appearing in the record that the Clark Hardware Company did not give notice to Mattei within thirty days as required by the said Act of 1889.

The contention of the Clark Hardware Company is that it gave proper notice within ninety days, and that this was sufficient under the Act of 1925, chapter 144.

We think it obvious that the question which plaintiff in error seeks to raise by his supplemental brief is a material and determinative question in this case.

By the Act of 1925 "to reorganize the Appellate Court System, etc." (chapter 100) jurisdiction of all cases "involving, constitutional questions" is reserved to the Supreme Court, and this court is without power to decide whether chapter 144 of the Acts of 1925 is or not unconstitutional.

The Clark Hardware Company, through its attorney of record, has filed a motion to strike from the records and files in this cause the aforesaid supplemental brief of G. Mattei, upon the ground that the alleged unconstitutionality of the Act of 1925, chapter 144, was not raised in the circuit court. In the case of Powers v. McKenzie, 90 Tenn., 167, 177, 16 S. W. 559, the Supreme Court said: "It is our duty to pass upon the validity of statutes obnoxious to the constitution, however called to our attention by litigants in this court, when their rights are prejudiced by action of lower courts predicated upon their validity. Hence, we will consider the Act in question and the ground advanced against its constitutionality."

In the instant case, the judgment of the circuit court is manifestly predicated upon the theory that chapter 144 of the Acts of 1925 is constitutional and valid. If in this the circuit court was mistaken, the judgment was and is erroneous and should be reversed.

Although we are without jurisdiction to decide whether chapter 144, Acts of 1925, is or not unconstitutional (and we have not attempted to do so) we are impressed that the question as to whether or not it is constitutional is a debatable one, and that the constitutional question raised by plaintiff in error is not frivolous.

An order will be entered, pursuant to section 10, chapter 100, Acts of 1925, transferring this case to the Supreme Court.

Crownover and DeWitt, JJ., concur.